UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH MICHAEL STEVENS,

        Plaintiff,

v.                                     Case No. 2:12-CV-187-FtM-99AEP

FORT MYERS POLICE DEPARTMENT, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

      Proceeding *pro se*, Plaintiff has filed various pleadings alleging a litany of violations against various individuals, including a judge, the State Attorney's Office, assistant state attorneys, detectives, police officers, and government entities, including the Fort Myers Police Department and the Lee County Sheriff's Office (Dkt. Nos. 1, 12, 17).  Currently before the Court are Plaintiff's affidavits of indigency, which the Court construes together as a motion for leave to proceed *in forma pauperis* (Dkt. Nos. 2, 18).[1]  For the reasons that follow, I recommend that Plaintiff's construed motion for leave to proceed *in forma pauperis* be denied and his pleadings be dismissed.

      Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. §1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the Court must

---

[1]  Given that Plaintiff is currently incarcerated, he has also submitted his certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the complaint in accordance with 28 U.S.C. §1915(a)(2) (Dkt. Nos. 6, 18).

review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Where, as here, a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, courts must review the complaint as soon as practicable to identify any cognizable claims or to dismiss the complaint, or any portion thereof, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  *Leonard v. FBI*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Namely, dismissal for failure to state a claim is appropriate if the facts, as plead, fail to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without arguable merit either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989).  Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

2

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Here, Plaintiff filed a Civil Rights Complaint Form as his original complaint (Dkt. No. 1), an amended complaint (Dkt. No. 12), and another Civil Rights Complaint Form as a second amended complaint (Dkt. No. 17). In his most recent filing, Plaintiff named only the State Attorney's Office of Lee County Florida, Assistant State Attorney Stephanie C. Russell, Assistant State Attorney C. Siggs, the Fort Myers Police Department, the Lee County Sheriff's Office, and Judge Maria E. Gonzalez as purported Defendants (Dkt. No. 17). In his prior pleadings, he also named numerous officers and detectives as Defendants (Dkt. Nos. 1, 12). Taking his pleadings together, Plaintiff appears to allege a list of violations of his rights under both the United States Constitution and the Florida Constitution arising out of a search of his home, issuance of a warrant, his subsequent detainment, and criminal proceedings currently pending in state court.[2] Essentially, he seeks to assert claims under

---

[2] For instance, in his amended complaint, Plaintiff alleged violations of the following: (1) his privilege against self-incrimination; (2) his right to counsel; (3) his right to due process of law; (4) his right to be "Mirandarized;" (5) his right to be secure from unreasonable searches and seizures in his person, house, papers and affects; (6) his right against involuntary servitude; (7) his right to equal protection of the laws; (8) his right that excessive bail should not be required, excessive fines not be imposed, and unusual punishments not be inflicted; (9) his right not to be deprived of any right because of race, religion, national origin, or physical disability; (10) his right that every person charged with a crime or violation of municipal or county ordinance be entitled to pretrial release on reasonable conditions; and (11) his right that courts should be open for redress of any injury and justice be administered without sale, denial, or delay. He also appears to assert claims for violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution as well as Article 1, Sections Two, Nine, Twelve, Fourteen, Sixteen, Seventeen, and Twenty-One of the

42 U.S.C. § 1983 for these purported constitutional violations.[3]  Namely, he contends that officers

conducted a warrantless and illegal search of his home, falsely imprisoned him during the search,

subsequently used improper means to obtain a warrant, and unlawfully and maliciously arrested

him without probable cause, which resulted in malicious prosecution against him in state court

and caused him pain and suffering.  He further alleges violations of  Rule 4-3.8 and Rule 4-8.4

of the Rules Regulating the Florida Bar.  Amongst other relief, Plaintiff seeks $50,000,000.00 in

damages, an award of punitive damages, punishment and accountability for all participants or

agencies who employ any individuals involved with this purported misconduct, exoneration of

all charges with his record expunged and cleared, and "[a] law, act or doctrine to be created and

enforced entitled 'The Joseph Michael Stevens Act' that instructs, describes, informs, reminds,

and remedies the dealings surrounding this unlawful procedure initiated by law enforcement so

that future law enforcement and judicial court officials do not make the same actions resulting

from misconduct and abuse of authority and process" (Dkt. No. 12 at 22-23; Dkt. No. 17 at 13).

---

Florida Constitution.  Further, he alleged racial profiling and discrimination in his community
by police officials, impermissible and suggestive identification procedures performed by
police to create "irreparable misidentification damage," and "unlawful[,] malicious subterfuge
arrest without probable cause which lead [sic] to abuse of authority and process, false
imprisonment and malicious prosecution resulting in violation of equal rights of a citizen to
that of a state sentenced offender of the law and involuntary servitude" (Dkt. No. 12 at 2).

   [3]  Section 1983 provides: "Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or
causes to be subjected, any citizen of the United States or other person within the jurisdiction
thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution
and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress, except that in any action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless
a declaratory decree was violated or declaratory relief was unavailable. ..." 42 U.S.C. § 1983.

Notably, however, Plaintiff has not asked for injunctive relief or sought release from custody in this action.

To state a cognizable claim for relief under Section 1983, a plaintiff must demonstrate (1) a violation of a constitutional right and (2) that the alleged violation was committed by a person acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). The Supreme Court has held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original; internal footnotes omitted). Essentially, the Supreme Court held that a claim for monetary damages which challenges a conviction or confinement is not cognizable under Section 1983. *Id.* at 483, 486-87. Indeed, Plaintiff has failed to allege that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See id.* Since Plaintiff's conviction has not been invalidated, no cause of action yet exits under

5

§ 1983, and Plaintiff thus fails to state a claim upon which relief can be granted.  Furthermore, if the Court allowed Plaintiff to proceed with his claims, a subsequent judgment entered in Plaintiff's favor would necessarily imply the invalidity of his conviction.  Given the foregoing, therefore, Plaintiff's federal claims should be dismissed.  *Id.* at 486-87.  Since Plaintiff's federal claims must be dismissed, the Court should decline to retain pendent jurisdiction over Plaintiff's state law claims and accordingly dismiss those claims without prejudice.  28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (noting that a district court has discretion to decline to exercise jurisdiction over state law claims and dismiss the state law claims without prejudice where the district court dismisses all claims over which it has original jurisdiction).

Alternatively, under the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to hear Plaintiff's claims because Plaintiff essentially seeks review of the state court's criminal conviction against him.  Federal district courts do not have authority to review final judgments of state courts; rather, only the United States Supreme Court may review such judgments.  *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Accordingly, under the *Rooker-Feldman* doctrine, a federal district court may not determine federal issues that a party raises in state proceedings and that are "inextricably intertwined" with the state court's judgment.  *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (*per curiam*).  To be "inextricably intertwined," a federal claim must succeed

6

only to the extent that the state court wrongly decided the issues before it.  *Id.* at 253-54.  As to the purported illegal search and seizure, for instance, Plaintiff alleges that a judge informed him that he should instruct his counsel to file a motion to dismiss on the grounds of illegal search and seizure (Dkt. No. 12 at 5; Dkt. No. 17 at 9).  In January, the state court held a hearing on Plaintiff's motion to suppress illegal search and seizure (Dkt. No. 17 at 9).[4]  It is unclear to what extent the issues set forth in Plaintiff's pleadings were already addressed by the state court during the hearings or during the trial held in March.  Notwithstanding, Plaintiff's claims arising out of the purported unlawful search and seizure and other purported wrongdoing cannot have success on the merits of his Section 1983 claim unless the state court wrongly concluded the search was lawful.  *See Datz*, 51 F.3d at 254.  Accordingly, Plaintiff's federal claims are inextricably intertwined with the state court's judgment and thus barred.  *Id.*  As such, Plaintiff's claims should also be dismissed under the *Rooker-Feldman* doctrine.

Going further, the Court should also abstain from deciding Plaintiff's claims because Plaintiff's case is still ongoing at the trial level in state court.  Review of the docket in the underlying state criminal case indicates that a jury rendered a guilty verdict against Plaintiff for the crime of robbery by sudden snatching without a firearm or weapon, for which his sentencing was continued on July 23, 2012.  A federal court is required to abstain when federal adjudication of a claim would interfere with an ongoing criminal proceeding in a state court.  *Younger v.*

---

[4]  The state trial court also held a hearing in February and March on motions to suppress.  *See* the docket for Plaintiff's underlying criminal case found on the Lee County Clerk of Court website: http://apps.leeclerk.org/Criminal_detail_new.asp?CsNum=11-CF-018688&CsType=Adult%20-%20Felony.

*Harris*, 401 U.S. 37, 43-44 (1971).  Indeed, attentive to the principles of equity, comity, and federalism, federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.  *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1215-16 (11th Cir. 2002) (citing *Younger*).  Exceptions to this rule include situations where (1) irreparable injury as a result of the prosecution is both great and immediate; (2) the state law flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*).  The Supreme Court has also recognized that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Heck*, 512 U.S. at 487 n.8 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).  Although Plaintiff has not sought injunctive relief in this action to restrain his pending criminal action, the adjudication of his claims in this action would interfere with his ongoing criminal proceedings since he has been convicted but not yet sentenced.  Accordingly, to the extent that Plaintiff could even state any cognizable claims in this action, this Court should abstain from adjudication to prevent interference in Plaintiff's pending state-court action.  For that reason, Plaintiff's pleadings should also be dismissed.

Even assuming *arguendo* that Plaintiff could state a valid claim, many of his claims would fail and require dismissal because various Defendants are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (stating that the court may dismiss a case at any time if the court determines

that the action seeks monetary relief against a defendant who is immune from such relief). Indeed, Judge Maria E. Gonzalez and the assistant state attorneys are immune from suit in this action.  In his amended complaint, Plaintiff alleges that Judge Gonzalez violated 42 U.S.C. § 1983 when she issued a faulty search warrant after the illegal search had concluded, and seeks damages for her purported violation.  A judge acting in his or her judicial capacity is immune from suit except where the judge acts in the "clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 348, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Plaintiff's failure to allege any facts suggesting that Judge Gonzalez acted without jurisdiction or did not act in her judicial capacity leads to a finding of immunity from Plaintiff's claims in this case as to Judge Gonzalez.  Accordingly, Plaintiff's claims against Judge Gonzalez should be dismissed.

Additionally, Plaintiff's claims against the assistant state attorneys, including his claims for malicious prosecution, similarly fail and are subject to dismissal.  Like judges, prosecutors enjoy absolute immunity from Section 1983 claims for damages when acting in the scope of prosecutorial duties; namely, in initiating a prosecution and in presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 420-31 (1976); *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  The prosecutorial function includes the initiation and pursuit of criminal prosecution ... and most appearances before the court, including examining

9

witnesses and presenting evidence" (internal citations and citations omitted)).  In this instance, Plaintiff asserts that the assistant state attorneys violated Plaintiff's constitutional rights by initiating a prosecution against him and presenting the case to the state trial court.  These actions fall squarely within the parameters of prosecutorial immunity.  *Id.*  Accordingly, Assistant State Attorney Stephanie C. Russell and Assistant State Attorney C. Siggs are immune from suit, and Plaintiff's claims against them should be dismissed.

Furthermore, the State Attorney's Office is also immune from suit.  Under the Eleventh Amendment, states enjoy immunity from suits brought by private citizens in federal court. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1231 (11th Cir. 2000).  Eleventh Amendment immunity extends to state agencies and instrumentalities that act as arms of the state.  *N. Ins. Co. of N.Y. v. Chatham County, Ga.,* 547 U.S. 189, 193 (2006) (stating that "only States and arms of the State possess immunity from suits authorized by federal law"); *Miccosukee*, 226 F.3d at 1231 (stating that the Eleventh Amendment immunity extends to state agencies but not to independent entities such as counties or municipalities); *see Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1311 (11th Cir. 2000) ("It is well established that Eleventh Amendment immunity encompasses not only cases in which the State itself is named as a defendant, but also certain actions against state agents and state instrumentalities").  Here, Plaintiff has named the State Attorney's Office as a Defendant (Dkt. No. 17, 18).  In Florida, the State Attorney and the State Attorney's Office are considered an "arm of the state" and thus fall within the ambit of the State's Eleventh Amendment immunity. *Wooding v. State Attorney's Office*, No. 10-23839-Civ, 2010 WL 4942657, at *2 (S.D. Fla. Nov.

10

30, 2010); *Perez v. State Attorney's Office*, 6:08-cv-1199-Orl-31KRS, 2008 WL 4539430, at *2

(M.D. Fla. Oct. 8, 2008); *Allen v. Moreland*, No. 8:04-cv-2530-T-17EAJ, 2005 WL 1572734, at

*2 (M.D. Fla. June 30, 2005); *Farrell v. Woodham*, No. 2:01-cv-417-FTM29DNF, 2002 WL

32107645, at *2-3 (M.D. Fla. May 29, 2002).  Accordingly, Plaintiff's claims against the State

Attorney's Office likewise fail and should be dismissed.

Plaintiff's claims similarly fail as to the Fort Myers Police Department and the Lee County

Sheriff's Office. "Sheriff's departments and police departments are not usually considered legal

entities subject to suit[.]" *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The court must

turn to the law of the State of Florida, however, to determine whether the Fort Myers Police

Department and the Lee County Sheriff's Office can be sued in this action.  *Id.* (stating that the

capacity to sue or be sued is determined by the law of the state in which the district court is held);

*see* Fed. R. Civ. P. 17(b)(3).  In Florida, where a police department serves as an integral part of

the city government as the vehicle through which the city government fulfills its policing

functions, the police department is not an entity subject to suit.  *Ball v. City of Coral Gables*, 548

F. Supp. 2d 1364, 1369 (S.D. Fla. 2008) (citation omitted).  Accordingly, under Florida law,

police departments are not legal entities amenable to suit and are properly dismissed as a party

for that reason.  *Williams v. Miami-Dade Police Dept.*, 297 Fed. App'x 941, 945 (11th Cir. 2008)

(citing *Masson v. Miami-Dade County*, 738 So.2d 431, 432 (Fla. App. 3d 1999) & *Fla. City

Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. App. 3d 1995)); *Lewis v. Bradenton Beach

Police Dep't*, No. 8:11-cv-18-T-30AEP, 2011 WL 1227825, at *2 (M.D. Fla. April 1, 2011)

("Florida courts have consistently found that city police departments are *not* separate legal entities

11

subject to suit." (emphasis in original and citations omitted)). For the same reason, sheriff's offices lack the capacity to be sued in Florida. *Donovan v. Parker*, No. 6:10-cv-855-Orl-31DAB, 2010 WL 3259717, at *2 (M.D. Fla. Aug. 16, 2010) (finding that the Brevard County Sheriff's Office was not a entity with the capacity to be sued under Florida law for a violation of 42 U.S.C. § 1983 and accordingly dismissing the Brevard County Sheriff's Office as a defendant); *Graham v. Lee County Sheriff's Dep't*, No. 2:08-cv-615-FtM-29SPC, 2009 WL 1605347, at *1 (M.D. Fla. June 8, 2009) (finding that the Lee County Sheriff's Office did not have the capacity to be sued under Florida law for a violation of 42 U.S.C. § 1983 and accordingly dismissing the case); *Jones v. Collier County Sheriff's Dept.*, 95-232-CIV-FTM-17D, 1996 WL 172989, at *2 (M.D. Fla. Apr. 9, 1996) (finding that the Collier County Sheriff's Office did not have the capacity to sue or be sued and thus granting the motion to dismiss with prejudice as to the Collier County Sheriff's Office). Accordingly, the claims should be dismissed as to both the Fort Myers Police Department and the Lee County Sheriff's Office.

Furthermore, if Plaintiff seeks to allege liability against a governmental entity in Florida, he must bring the action in the name of the individual who holds the office responsible for the wrongdoing, *e.g.* the Sheriff. *Hargrove v. Thorpe*, No. 2:05-cv-617-FtM-99SPC, 2007 WL 2774208, at *1 (M.D. Fla. Sept. 13, 2007); *Duncan v. Lee County Sheriff's Office*, No. 2:06-cv-106-FtM-99SPC, 2006 WL 2919027, at *2 (M.D. Fla. Oct. 11, 2006). To establish a Section 1983 claim against the Sheriff in his official capacity, for instance, Plaintiff must demonstrate a violation of a constitutional right caused by enforcement of a policy or custom of the county. *Griffin v. Hillsborough County Sheriff*, No. 8:09-cv-1440-T-23TGW, 2009 WL 4547054, at *2

(M.D. Fla. Nov. 30, 2009) (citing *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). Even construing his current pleadings broadly, Plaintiff has failed to state a claim against the Sheriff or Police Chief in their official capacities. Furthermore, nothing in the pleadings purports to establish liability on behalf of either official in their individual capacities.[5]

Finally, in his most recent pleading (Dkt. No. 17), Plaintiff also appears to allege violations of Rule 4-3.8 and Rule 4-8.4 of the Rules Regulating the Florida Bar. To the extent Plaintiff believes any attorney has violated those rules, Plaintiff should look to the process set forth by the Florida Bar for disciplinary proceedings. Accordingly, those claims should also be dismissed.

Accordingly, and after due consideration, it is hereby

RECOMMENDED:

1. Plaintiff's construed motions for leave to proceed *in forma pauperis* (Dkt. Nos. 2, 18)

---

[5] In his pleadings, Plaintiff also lists various law enforcement officers as Defendants in their individual capacities. "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (internal quotation marks and citations omitted). A government official must first prove that he was acting within his discretionary authority to receive qualified immunity. *Id.* If the government official establishes he or she acted within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to qualified immunity. *Id.* at 1358. The court must determine (1) whether the plaintiff's allegations, taken as true, establish a constitutional violation and (2) if, under the plaintiff's allegations the defendant would have violated a constitutional right, whether the right was clearly established. *Id.* Since there may be some question as to the application of qualified immunity to the law enforcement officers in this action, and given that the pleadings are subject to dismissal for the reasons set forth above, the Court need not determine whether the law enforcement officers would be a proper party in this action.

be DENIED.

2.  Plaintiff's pleadings (Dkt. Nos. 1, 12, 17) be DISMISSED WITHOUT PREJUDICE as to his claims arising under the laws of the State of Florida.

3.  Plaintiff's pleadings (Dkt. Nos. 1, 12, 17) be DISMISSED WITH PREJUDICE as to all other claims.

4.  The case be closed.

IT IS SO REPORTED in Tampa, Florida, this 4th day of September, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

14

**<u>NOTICE TO PARTIES</u>**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Steven D. Merryday
Plaintiff, *pro se*

15